OPINÍON of the Court, by
Judge Ow^iBV.
This is an appeal from a judgment rendered against Young in an action of ejectment brought by Leiper.
The contest between the parties, on the trial of the issue, appears to have related exclusively to the establishment of the eastern boundary of a tract of land conveyed by Edward Rogers ⅛> Jqim Garnett: and after *504 the introduction of evidence tending to show the making the. northeast corner at A. on the connected plat, and the running and marking the line from thence to the stake at E. for the eastern boundary of Garnett’s land, before tlie deed was executed to him by Rogers, the court, upon the motion of Eeiper, instructed the jury that unless the stake at E. in their opinión was fixed as a corner* and called for as such in the deed, the line fr&m Á. ought to run a due south to the southern boundary, &c.
Comfe and tí line/'
Whether the court by directing the line to run a due/ south intended thus to be understood, is a matter of some doubt, but which is unimportant in the present case, as we arc of opinion that the instructions mother respects cannot be sustained.
The deed to Garnett calls to run from the corner at A. a south course to a stake in the south boundary of the survey ; and if there was nothing else in the cause but the call for course to fix the boundary, that course Should be extended according to the magnetic, meridian at the date of the deed, and not the true meridian.
If it be true, as the evidence conduces to prove, that the line from A. to E. was marked as Garnett’s line* according to the repeated decisions of this court, although it may vary from tlie course of the deed, it must so far as it extends be regarded as the boundary of liis land.
The. instructions of the court, therefore, should not have made the eastern boundary of Garnett depend upon the establishment of the stake at E. as a corner, without | in any manner regarding the evidence in relation to the 1 marked line; and for that cause the judgment must be ¡reversed.
| With respect to the decision of that court in admitting ! as evidence the record of a former trial had in an action ’of trespass between the same, parties, as that, record purports to have involved a decision of the, title to the land now in contest, we think it was properly used.
The judgment must, however, for the misdirection of the court to the jury, be reversed, the cause remanded* ami a new trial had not inconsistent with this opinion.