CHANCELLOR
*vs*
WIGGINS.

4m201
90 479

# Chancellor *vs* Wiggins.

ERROR TO THE FLEMING CIRCUIT.

*Warranty. Sale of chattels. Limitation.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS action of assumpsit was brought upon the implied warranty of title in the sale of two negroes as slaves, who afterwards recovered their freedom. The declaration in the first count, alledges the promise to be, that the defendant had good title to, and lawful right to sell said negroes, and in two other counts, goes for so much money paid, &c. and for money had and received. But as the negroes were acquired by exchange, the two money counts were not sustained by the evidence; and the only question is, whether, as the suit was commenced more than five years after the sale, though within less than five years after the establishment of the freedom of the negroes, by judgment in their favor, the statute of limitations applies to bar the action on the first count.

There was no express warranty of title. But as decided in the cases of *Chism* vs *Wood*, (*Hardin*, 531;) *Payne* vs *Reddin*, (4 *Bibb.* 504;) *Scott* vs *Scott's ad-*

ASSUMPSIT.

*Case* 39.

*October* 12.

Case stated.

The law implies a warranty of title on the part of the vendor of a

chattel, which, like a covenant of seizin, is broken immediately if the vendor have no title, and from that time limitation commences to run.

*ministrator*, (2 *A. K. Marshall*, 217) the law implies a warranty of title. In the second of these cases, it was determined that it was not necessary to alledge a recovery or eviction, in order to show a breach of the warranty, but that the averment that it was not the property of the defendant is sufficient, so that there was a cause of action immediately. And in the last case, it was expressly decided that the only contract which the law will imply in sales of chattels, is that the vendor has title at the time of sale, and that this being not in the nature of a covenant of warranty, which is not broken until eviction, but in the nature of a covenant of seizen, which is broken immediately, if the vendor has no title, there is, in case of the sale of a chattel without express warranty, an immediate cause of action, if the vendor have no title at the time, and that the action is barred by the lapse of five years from the time of sale. The question whether the warranty implied on an exchange of chattels is different from that implied on a sale does not arise, because the declaration alledges a sale, and a promise only, that the defendant had good title and lawful right to sell. And as it also shows that the negroes, to which this promise relates, were not slaves but free, there was, according to the cases cited, an immediate breach and an immediate cause of action, which was barred by five years. The acceptance on the notice from Chancellor to Wiggins, requesting the latter to aid in defending the action of the negroes for their freedom, was a mere acknowledgment of its service, and not a renewal or recognition of the implied warranty, so as to take it out of the statute.

Wherefore, the judgment is affirmed.

*Cavan & Cox* for plaintiff: *Hord and McClung & Taylor* for defendant.