CASE 57—PETITION ORDINARY—FEBRUARY 22.

# Vance et ux. vs. Vance.

APPEAL FROM MERCER CIRCUIT COURT.

1. Plaintiffs alleged in their petition that they were in possession of the slave in contest, of which they were the owners, and that she had been unlawfully taken from their possession by the defendant. The latter admitted in his answer that the plaintiffs had the possession of the slave, and that he had taken her from their possession; but denied that they were the owners of her, and alleged that she belonged to his wife. *Held*—That the burden of proof was upon the defendant, and he had a right to the conclusion of the argument to the jury.

2. Evidence of the good character of a witness is not admissible where he is only impeached by proof of his having made a different statement on another occasion, or by proof of facts which contradict those stated by him in his testimony. (*Civil Code, secs.* 661, 663.)

JAMES D. HARDIN, for appellants, cited 2 *Bibb*, 428 ; *Hardin*, 184 ; 12 *B. Mon.*, 329, 330.

JAMES B. BECK, on same side, cited *Hardin*, 184 ; 3 *Bibb*, 346 ; 6 *J. J. Mar.*, 49 ; 3 *Dana*, 304 ; 8 *B. Mon.*, 192 ; *Civil Code, sec.* 347, *sub-div.* 6 ; *Ib.*, *secs.* 587, 369, *sub-div.* 6 ; 2 *Bibb*, 427 ; 4 *J. J. Mar.*, 275 ; 5 *Dana*, 494 ; 1 *Greenleaf, secs.* 74, 75, 76 ; 1 *Bibb*, 129 ; *Ib.*, 570 ; 3 *Ib.*, 35 ; *Ib.*, 224 ; 4 *Litt.*, 259 ; 4 *Mon.*, 482 ; 7 *Ib.*, 223 ; 3 *J. J. Mar.*, 421 ; *Ib.*, 442 ; 1 *Mar.*, 548 ; 1 *J. J. Mar.*, 97 ; *Ryman, &c., vs. Livingston, &c., Winter Term,* 1859 ; 1 *B. Mon.*, 224 ; 7 *Dana*, 90 ; 8 *Dana*, 319 ; 4 *John.*, 230 ; 5 *Ib.*, 144.

BELL & POSTON on same side.

JAMES HARLAN, for appellee, cited *Civil Code, sec.* 347, *sub-divs.* 3, 6; 3 *Bibb,* 346; 1 *Dana,* 325; 1 *B. Mon.,* 241; *Beckly vs. Brown, MS. opin. Winter Term,* 1855; 16 *Peters,* 539; *Civil Code, secs.* 587, 663, 855; 1 *Greenleaf, sec.* 469; 1 *J. J. Marsh.,* 449; 3 *Bibb,* 313; 3 *Mar.,* 397; 1 *J. J. Mar.,* 6; 2 *Ib.,* 310; 2 *Bibb,* 64, 211; 1 *Ib.,* 241; 3 *Litt.,* 14, 169, 189; 1 *Mon.,* 111, 272; 8 *Dana,* 321; 1 *Bibb,* 303; 9 *Litt.,* 169; 2 *Mar.,* 520, 546; 3 *J. J. Mar.,* 61; 4 *Ib.,* 399; 6 *Mon.,* 61; 3 *J. J. Mar.,* 717; 6 *Dana,* 214; 1 *B. Mon.,* 46; 12 *Ib.,* 54.

WM. A. HOOE, on same side, cited *Hardin,* 183; 2 *Bibb,* 428; 4 *J. J. Marsh.,* 275; 3 *Bibb,* 346; 1 *Dana,* 325; 1 *B. Mon.,* 241; *Civil Code, sec.* 347, *sub-divs.* 3 *and* 6; *Ib.,* 653; 1 *J. J. Marsh.,* 449; 3 *Marsh.,* 397; 3 *Bibb,* 318; 3 *J. J. Marsh.,* 61; 1 *B. Mon.,* 46; 3 *J. J. Marsh.,* 717; 12 *B. Mon.,* 54.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

The first question that arises on this record is that which relates to the right to conclude the argument of the case to the jury. On this point the Code of Practice is explicit. The party having the burden of proof has a right to conclude the argument. (*Sec.* 347.) The burden of proof is generally on the party against whom a judgment would be rendered on the pleadings, if no proof were introduced.

In this case the plaintiffs alleged in their petition that they were in the possession of the slave in contest, of which they were the owners, and that she had been unlawfully taken from their possession by the defendant. The latter admitted in his answer that the plaintiffs had the possession of the slave, and that he had taken her from their possession; but denied that they were the owners of her, and alleged that she belonged to his wife. Now, it is evident that on this state of pleading, if no evidence had been adduced by either party, the plaintiffs would have been entitled to a judgment for the slave. Their possession was *prima facie* evidence of title; and that being admitted by the defendant, it then devolved upon him to introduce evidence to repel that presumption; and if he failed to do it, a judgment should have been rendered against him. Consequently the burden of proof was upon him, and he had a right to the conclusion of the argument to the jury.

As it regards the admissibility of the evidence which was offered of the good character of the witness, Mrs. Thompson, the Code of Practice is also explicit. Evidence of the good character of a witness is inadmissible until his general reputation has been impeached. (*Sec.* 663.) A witness may be impeached by contradictory evidence, by showing that he has made statements different from his present testimony, or by evidence that his general reputation for truth or immorality renders him unworthy of belief. (*Sec.* 661.) When he is impeached in the manner last mentioned, evidence of good character is admissible; but it is not admissible where he is only impeached by proof of his having made a different statement on another occasion, or by proof of facts which contradict those stated by him in his testimony. As, then, no evidence had been introduced impeaching the witness on the ground that her general reputation rendered her unworthy of belief, evidence of her general good character, which had not been impeached, was inadmissible, and the court below did not err in rejecting it.

The law of the case, as expounded by the court in its instructions to the jury, was fairly presented, and, indeed, could not have been presented more favorably for the plaintiffs without doing injustice to the defendant.

The case was one peculiarly within the province of the jury. The facts and circumstances were contradictory; and it devolved upon the jury to ascertain and determine the truth of the matters in issue between the parties, and upon which the result of the case depended. We cannot say that the verdict which they rendered is opposed to the testimony; on the contrary, we are of opinion that it has at least as much testimony to sustain it as there is on the other side in opposition to it.

Wherefore, the judgment is affirmed.