## HOFFMAN *et al.* v. STIGERS.

1. **Conveyance:** EFFECT OF JUDGMENT IN PARTITION. A judgment in partition, settling and confirming the shares and interests of the parties, is equivalent to a conveyance, and is to be construed by precisely the same rules that apply to ordinary conveyances.

2. —— JOINT TENANTS AND IN ENTIRETY. Under our law joint tenancies, and in entirety, are not favored, and a conveyance to two or more persons in their own right creates a tenancy in common, unless a contrary intent is expressed.

3. —— HUSBAND AND WIFE. And this rule, under our statute, applies to a conveyance, whether by judgment or deed, vesting the estate in a husband and wife jointly.

4. —— It was accordingly *held*, under a judgment in partition, settling and confirming certain shares of real estate in a husband and wife, that a tenancy in common was created.

*Appeal from General Term, Seventh District.*

FRIDAY, DECEMBER 10.

PARTITION.—The lands once belonged to George Pursell, and descended, with others, to his heirs. Phillip and Mary Hoffman were husband and wife; the said Mary being the sister of said George, and entitled, as such, to one-sixteenth of his real property. The husband, Phillip, acquired by purchase from other heirs three-fourths of one-sixteenth. The widow of George Pursell, and a surviving brother, instituted proceedings for partition, making all the other heirs, including Phillip and Mary Hoffman, parties. They answered, claiming as their interest one-eighth of one-half, or one-sixteenth, in right of Mary; also one-quarter of one-sixteenth, being the interest of, etc., and one-half of one-sixteenth, of, etc. (showing from what heirs derived), and asked that, in the partition, "this share, being one-eighth, and three-quarters of one-eighth, of one-half of said estate, may be set off to them."

The decree of partition gave to Mary and Phillip Hoffman lot eight, described as follows: etc. (being the land now in controversy), containing sixty-three acres, etc.

This was in 1863, and in 1864 Mary Hoffman died intestate, leaving the husband, and plaintiffs in this action, their children, her surviving. The husband, in 1867, conveyed the entire premises by quitclaim to the present defendant. Plaintiffs, as the children and heirs of Mary Hoffman, in their petition, claim, by inheritance, the undivided half of said sixty-three acres. In this court, however, they are understood to admit, and to only insist, that the mother had and held, as her own, four-sevenths of said land, and the husband three-sevenths, and that the husband would be entitled to his dower right in said four-sevenths, to wit: one-third of four-sevenths, leaving the balance of said four-sevenths to them in their own right. Defendant insists that the husband and wife took the sixty-three acres as tenants by entirety, and that, upon the death of the wife, her title was extinguished, and that as a consequence, there was nothing left to descend to her heirs. The Circuit Court and General Term sustained defendant's view of the law, and plaintiffs appeal.

*Cloud & Broomhall* for the appellants.

*Richman & Carskadden* for the appellee.

WRIGHT, J.—As plaintiffs do not now claim the undivided half of the tract, but are content to take the

1. CONVEYANCE: effect of judgment in partition. mother's share as it stood before partition, less the husband's (and father's) dower interest; and as this position is as favorable as defendant could ask, if plaintiffs are entitled to any thing,

—we say, in this view of the controversy, we are relieved from examining the position evidently assumed by appellant's counsel when the action was commenced. That is to say, whether the judgment of partition did not conclusively settle that the husband and wife had *equal interests* in the land (whether as " tenants by entirety," joint-tenants, or tenants in common), and whether either party (the defendant especially), could go back of it to show how the title of each was derived, we are not called upon to determine.

It is material, however, to settle whether the judgment confirming the shares and interests of the respective parties or heirs, is a *conveyance* in the sense that by or under it an " estate in entirety," could or would be created. Plaintiffs maintain that this estate can only be created or exist by or under a conveyance, as understood in the law of real property; that in this case there was no *conveyance* to the husband and wife, but that each had a distinct interest, derived in different ways, and their titles were not affected by the proceedings.

. In this position, however, we cannot concur. For, in our view of the law, this conveyance, by and through the court and forms of law, is to be construed by precisely the same rules which apply to ordinary conveyances. And, therefore, if the estate created would be "in entirety," if held under an ordinary deed, so it must be under this judgment. It is to this judgment that plaintiff's go for their claim of title. They rely upon that, for thereby all prior rights, equities and titles, as between the parties to it, were settled and adjudicated,—subject of course, to any title precedent to or independent of that which was the foundation of said judgment. Rev. §§ 3643, 3644. If the brother, George Pursell, in his life-time, had desired to convey this land to his sister, he could have done so, without naming the husband as one of the

grantees, or having his name appear, in any way, in the conveyance. So the judgment of partition could have confirmed the share or interest of the wife in her, as heir, without joining the husband in such order. In either of these cases, the husband would have held his marital rights and interests, as settled by the law; and to settle or recognize these it was by no means necessary that he should be named as grantee or beneficiary in the deed or judgment. If named, however, as grantee with the wife, a fee would be vested in him by the deed (if this was the estate conveyed), jointly with his wife. And the same would be true if the judgment of partition confirmed the title in the husband jointly with the wife. See a strong case, adverse to plaintiff's theory, *Putney* v. *Dresser*, 2 Met. 583.

The real question, however, in the case is, what interest would the husband take, or what would be his estate, either under such a deed or judgment? To this the defendant says: because

2. —— joint tenants, and in entirety.

Phillip and Mary Hoffman were *husband and wife*, and therefore one person in law, they took as tenants by entirety. And, as a consequence, neither could alien the property without the consent of the other; and that by the common law, as it still obtains in this State, upon her death her title was extinguished, and the whole estate went to the surviving husband. This proposition, in its length and breadth, is denied by plaintiff, and thus we have the very point involved in this litigation. That at common law, by reason of the unity of husband and wife, the position of appellee is correct, cannot be doubted. They could not, on account of their united legal existence, take by moieties, but both were seized of the entirety, and the survivor took the whole. The estate was peculiar, for by it both held the entire title. If one died, no new estate was con-

ferred upon the survivor. The death simply destroyed the possibility of the decedent's survivorship. The tenancy was sole, not joint. As they were one in law, so the estate was one and indivisible. The survivor in such a case took nothing which he or she did not have before, acquired no new title, but took the whole by the original conveyance ; for thereby he or she was invested with the entire estate. *Elliott* v. *Nichols*, Law Reg. (1869) 433. So, too, at common law in the case of joint tenants, the entire tenancy or estate went to the survivor, and so on to the last survivor, who took an estate of inheritance. There, however, the survivor receives it as an *accession* to his estate. He gets something from the deceased which he did not have before. And in this respect it will be seen that these tenancies differed, for one was *sole*, the other *joint*.

It is true, that at one time the common law favored, by reason of the right of survivorship, title by joint tenancy. For it thus, as was supposed, tended to combine or unite the feudal services, consolidate tenures and strengthen the feudal connection. And this was its policy. Of course, the reason of this policy would cease with the abolition of tenures ; and neither in England nor in this country are these estates now favored. The title is, hence, said to be greatly reduced in extent, and the incident of survivorship still more extensively destroyed. 4 Kent, 361; Greenl. Cruise, vol. 1, 364, marg. And, therefore, the rule in this country is, that all estates vested in two or more persons are to be deemed tenancies in common, unless a different tenure is clearly expressed or implied in the instrument creating the estate. In most of the States this rule is declared by statute. Or, if not to the full extent stated, at least many and great innovations have been made upon the estate as it stood at common law ; very many of them abolishing the *jus accrescendi*,

or right of survivorship. And hence in this State it is declared that conveyances to two or more in their own right create a tenancy in common, unless a contrary intent is expressed. Rev. § 2214. With us, therefore, when the estate is held by two or more, not as trustees, but in their own right, nothing being expressed to the contrary, the tenancy would be in common. And thus most plainly and authoritatively is the estate of joint tenancy disfavored by our law. There is no reason, no necessity, for such an estate, except under the most peculiar circumstances. In the language of the old Massachusetts statute (1785, ch. 62), tenancies in common are "more beneficial to the commonwealth and consonant with the genius of republics." And as *now we* in most of the States condemn entailments, or perpetuities, so we do and should joint tenancies, or at least their common-law incident — the right of survivorship.

But is it still true that the destruction, partial or *entire*, of joint tenancies does not apply to or affect conveyances to husband and wife? In other words, is it true that in this State such conveyances are to *one person*, and that the survivor takes the whole? If the legal unity or oneness continues as fully as at common law, then there would seem to be no escape from the conclusion. But this is just what is denied. And in the same connection it is also denied that the "estate in entirety" exists in this State, or is known to our law.

It is by no means asserted or claimed that husband and wife are two persons for all purposes, nor that the common-law idea of unity is by any means entirely abolished or *abrogated*. But what is asserted is, that as the wife may hold and convey real estate in the same manner as other persons, so she may take by the same tenure and subject to the same incidents, neither greater nor less, as though a *feme sole*. If no contrary intent is expressed in

the conveyance to them, or the instrument under which they hold, the husband and wife take as tenants in common, and not in entirety. At common law, they were so far, so completely, so essentially *one*, that they could not take by moieties. And why? Because of this absolute oneness. But does this reason longer exist, or, at least, with us?

As already suggested, the wife can take the title to real property in her own name, and by gift or grant *from the husband, even without the intervention of a trustee* (Rev. § 2200), and she may convey her interest in real estate in the same manner as other persons. If she may take title in her own right, and may convey as other persons, what becomes of the idea of legal unity? She takes in her own right, either jointly with her husband or any one else, and then becomes a tenant in common. At common law this could not be, because she could not thus take nor thus convey. Under our law, however, as we have frequently had occasion to state or recognize, the wife is invested with greater privileges, and, hence, assumes greater responsibilities or liabilities, than at common law. And though her marital rights are not entirely changed, being modified only in a prescribed or to a limited extent, they are so innovated upon, as that, in relation to her property, real and personal, she may contract and be contracted with, sue and be sued, convey and receive conveyances, as the husband may. And hence we held, in a recent case, that she was liable on her covenants in a deed, in relation to her separate property ; — a doctrine that defies all our notions of the relation as it existed at common law. *Richmond* v. *Tibbles and Husband*, 26 Iowa, 474. Indeed, her ability now, as compared with the rule of the common law, to take a separate estate, her ability to stand seized in her own right jointly with the husband, and to now hold by moieties, just as

joint tenants could,—we say these considerations seem conclusively to show, that the rule of the common law as to estates in entirety cannot obtain here. The doctrine always stood upon what was little more than the *merest fiction*, and, as this, by our legislation, has measurably given way to theories and doctrines more in accord· with the true and actual relation of husband and wife, the rule itself must be abandoned.

In construing a statute, each day but serves to demonstrate the necessity of looking at its very words or language. This rule neglected, and we might be led to think that the case of *Jackson ex dem.* v. *Stevens*, 16 Johns. 110, and others of similar import cited by appellees, were in conflict with the above position. Their statute was, that no estate in joint tenancy shall be claimed under any grant, etc., unless the premises therein mentioned shall be declared to pass, not a tenancy in common, but a joint tenancy. And as a conveyance to husband and wife did not (and never did) invest them with an estate in joint tenancy, it was held most properly that the statute did not extend to such a case. Our statute, however, is very differently worded. It is, that a conveyance to two or more in their own right *creates a tenancy in common, unless the contrary is expressed*. This language is affirmative, declaring what the conveyance does or shall create. That of New York is negative, and speaks of what it shall not create or pass. If in this State the wife is *one* of "*two or more persons*," the husband being the other, then the conveyance to these creates a tenancy in common, nothing to the contrary being expressed. They are not indivisible, in the sense and meaning of the common law (and upon this fiction the estate in entirety rests), we have already shown; and the correctness of the conclusion is well attested by the entire spirit of our legislation touching this relation, as well as

by every day observation, when directed to the actual affairs of life. And the same criticism applies to the case of *Ketchum* v. *Walsworth*, 5 Wis. 95, which construes a statute in principle, in all respects, like that of New York, above cited. The husband and wife, at common law, receiving such a conveyance, were not, as we have seen, properly joint tenants, and yet they had a joint estate. The estate had the quality of survivorship, and yet differed from that of joint tenancy in the essential feature that neither could convey his or her interest, so as to affect this right of survivorship in the other. Notwithstanding this difference, we express the conviction, that, when there is no estate of joint tenancy with the right of survivorship, a devise or conveyance to husband and wife will give them an estate *in common*, and not in *entirety*. And hence, as in the absence of some instrument or state of case creating such joint estate, the parties would, in this State, hold in common, it follows that an estate in entirety cannot and will not be otherwise created ; and as by the common law it was competent to make the husband and wife tenants in common *by proper words in the deed or devise*, and as, in the absence of language indicating this intention, they would take in entirety, so with us it is competent to create in them an entire estate *by proper words*, but if this is not done, then they take in common. See *Sargeant* v. *Steinberger*, 2 Ohio, 305 ; also, *Whitney* v. *Fuller*, 11 Conn. 337 ; *Rogers* v. *Gordon*, 1 Dana, 342 ; 1 Wash. 426, marg. ; *Wilson* v. *Fleming*, 13 Ohio, 68.

Reversed.