JUDGE PETERS
delivered the opinion of the court.
This action was brought by appellants, infants suing by their next friend, against appellees; the one for killing their father, and the others for aiding him, said killing not being in self-defense, as is alleged. A verdict and judgment for one cent having been rendered in their favor, and their motion for a new trial having been overruled, they have appealed to this court.
*201 The act authorizing the action is in the following language: “That the widow and minor child or children (or either or any of them) of a person killed by the careless or wanton or malicious use of fire-arms or other deadly weapons, not in self-defense, may have an action against the person or persons who committed the killing, and all others aiding or promoting the killing, or any one or more of them, for reparation of the injury, and in such action the jury may give vindictive damages.” (Myers’s Supplement, 681.)
The reasons relied on for a reversal of the judgment are substantially the same as those for which a new trial in the court below was asked; the first of which is that the court below erred in refusing instructions as asked by the appellants. The first instruction asked by them and refused is in the following language: “ That every material allegation of plaintiffs’ petition not specifically controverted by the answer of the defendants is to be taken as true; and further, the allegations of the petition that defendant Glass killed John Becker not in his self-defense is a material allegation.”
By this instruction questions of law would have been submitted to the jury if it had been given. Whether a fact which is alleged in the petition is material to the issue is a question of law, and whether it has been denied in the answer is also a question of law, both of which are to be determined by the court; and if an instruction on that subject should be given, the court must not only inform the jury what allegations are material, but also whether they have been specifically controverted, and what facts they are to consider as true under the pleadings in the action. The question was so ruled in Tipton v. Triplett, 1 Met. 570. ' As the instruction under consideration failed to set forth what material allegations were not specifically controverted, it was properly refused.
In the second instruction offered the court was asked to tell the jury -that they can not, under the issue formed by the *202 pleadings in the case, take into consideration the evidence detailed to them in regard to any real or supposed justification of defendants, or either of them, in the killing of said Becker, and all such evidence is excluded, from the jury.
In setting out the facts in the petition which constituted the cause of action, the pleader averred not only that the killing was done wantonly and maliciously by shooting, but added that it was done not in self-defense. In the language of the statute this averment was necessary, because if it was done in self-defense the action could not have been maintained, and as the circumstance or fact which would exempt the slayer is in the body of the statute, and not put in by way of a proviso, it was necessary to negative it; otherwise it would have been a matter of defense which the defendant must have pleaded. (1 Chitty on Pleading, 322, 323.) These necessary averments were traversed by the first paragraph of the answer, forming an issue of fact under which evidence tending to excuse,' or, in the language of the instruction, “ in regard to the justification of the defendant,” was competent, and therefore the instruction was properly overruled. But it was objectionable upon another ground. If any evidence was detailed which was improper or incompetent under the issue formed, it was a question of law for the court to decide, and define specifically the illegal and incompetent part of the evidence to be excluded, and could not be left to the jury to determine what part was to be excluded from their consideration and what was competent.
The next instruction asked for by appellants and refused by the court is number eight, and reads as follows: “That the statements of witnesses as to threats and declarations of Becker against Glass, in the absence of all persons except the deceased and the witnesses so testifying, is the weakest of all evidence known to the law, and should be received and weighed by the jury with great caution.
*203 The rule as to the effect of the statements of the confessions and admissions of parties as evidence has been often carelessly and inaccurately laid down by judges.
Judge Trimble, in Myers v. Baker, &c., Hard. 544, states the rule correctly, with the reasons therefor, when he says: “ Proof of confessions of a party in the presence of the witness only, or of him and the adverse party, although certainly competent testimony, ought to be weighed with caution, because it is impossible for the party to counteract it by other testimony, because the expressions used are easily misunderstood or perverted, either through mistake or design, and because not the whole conversation but only parts of it are generally detailed by the witness. It is the most dangerous species of testimony held competent by the law; and unless the story told is probable in its nature, or is corroborated by circumstances, very little weight is due to' it.” And in that case the witness did not, as he admitted, undertake to detail the whole but only a part of the conversation; the story not very probable, nor was it consistent with the circumstances of the transaction.
In Stone, &c. v. Ramsey, the judge who delivered the opinion, in commenting on the evidence, states that it consisted entirely of what the witnesses state they had heard Broaddus say since the date of the contract, a specie's of evidence of all others that should be weighed with the greatest caution. (Stone, &c. v. Ramsey, 4 Mon. 236-7.)
In Powell v. Swan’s adm’r, 5 Dana, 7, it is said: “ It is a well-established rule of evidence that the confessions of a party detailed by the evidence of a single witness is but little to be relied on, unless the tale be reasonable or be corroborated by other circumstances. It is that character of testimony most usually resorted to to cover over a falsehood, and is most easily misunderstood, fabricated, or perverted through mistake or design.”
*204 In Logan v. M’Chord’s heirs, 2 A. K. Marsh. 224, Judge Mills, who delivered the opinion, incautiously and with an inaccuracy of language altogether unusual with him said: “ Confessions are competent testimony, but frequently ought to be received with caution, because they may be partially remembered, are more easy to be procured by improper means, and are frequently shielded from disproof.” It is apparent from the reasons assigned by the judge that the caution to be observed in receiving such testimony did not arise from any objection to the confessions themselves as evidence; but to the frail and unreliable channel through which they are communicated.
It is very difficult to repeat to-morrow statements made to-day in the language in which they were made, even when they were perfectly understood, and there was neither motive nor desire to prevaricate. On account of the frailty of memory and other imperfections of human nature, admissions or threats testified to by one witness only are entitled to but little weight, and so of the testimony of a witness as to admissions of a party which consists in loose and careless declarations. But to say that the statements of witnesses, without qualification as to their number, the reasonableness of the tale they tell, or corroborating circumstances, is the weakest of all evidence known to the law, is unauthorized by former adjudications, and is inconsistent with the principles and philosophy of evidence.
For if confessions or threats are established by the concurring testimony of a number of disinterested witnesses, the story they tell probable in its nature, consistent, and reasonable, the objections to them cease, and there is left little room to doubt their truth.
In this case the parties had been on unfriendly relations, no reconciliation had been made, and the threats on the part of the deceased were proved by the concurring testimony of several witnesses; and the instruction as asked, without any *205 qualification, could not have been properly given; and no available objection is suggested or perceived to the two instructions given on motion of appellees.
As to the alleged error in refusing to exclude the evidence objected to, we need only remark that, for the same reasons that instruction number two should not have been given, appellants’ motion to exclude the evidence should have been overruled.
Although this court might have come to a different conclusion from that arrived at by the jury, still the evidence is to some extent conflicting, and the verdict is not so clearly against the testimony as to authorize this court to interpose after a new trial has been refused by the circuit court.
Wherefore the judgment must be affirmed.