LOUISVILLE, CINCINNATI & LEXINGTON R. CO. *v.* GEORGE A. CASTLEMAN.

**Damages—Killing Animals—Evidence—Burden of Proof.**

A lessee of a railroad company, while using the road, is liable for damages in killing stock in the same manner and to the same extent as if it had been the owner of the road.

**Evidence.**

A contract between the railroad company owning the road, wherein that company agreed to build cattle guards at a crossing, is not admissible in an action against the lessee of such railroad, for damages in killing an animal.

**Burden of Proof.**

In a suit for damages against a railroad company for killing an animal by its cars, the company admitting the killing, the law presumes the killing to have resulted from the negligence and carelessness of the agents and employees of the company, and the burden was on it to disprove such negligence and carelessness.

APPEAL FROM FAYETTE CIRCUIT COURT

March 24, 1875.

OPINION BY JUDGE COFER:

By an arrangement between the Louisville, Cincinnati & Lexington and Big Sandy Railroad companies, the former company ran its trains over the road of the latter from Lexington to Mt. Sterling. One of the trains, in passing from Lexington to Mt. Sterling on a dark, rainy, windy night, ran over and killed a valuable colt belonging to the appellee, which he had placed on the farm of Augustus Eastin, in charge of one of Eastin's sons, to be kept. The railroad runs through Eastin's farm, and the colt was killed on the farm, and this action was brought to recover of the appellant the value of the colt, on the ground that it had been killed in consequence of the negligence and carelessness of the railroad company and its agents and servants.

The company, by its answer, admitted the killing of the colt, but denied that it was done through its negligence or carelessness, or the negligence or carelessness of its agents or servants, or that the colt was of the value charged.

Verdict and judgment having been rendered for the appellee, and the motion of appellant for a new trial being denied, this appeal is prosecuted for the reversal of the judgment. The first error complained of is that the court admitted in evidence for the appellee a

contract made with Augustus Eastin by the E. L. & B. S. R. Co., in which that company undertook to build cattle guards on either side of a crossing over the railroad between Eastin's house and barn, which are on opposite sides of the road. This contract having been read, the appellee introduced evidence to prove that the cattle guards had not been made in accordance with the contract, and that in consequence of the failure to do so the danger of injury to stock by passing trains was increased. This evidence was incompetent and prejudicial to the appellant, especially in view of the fact that the jury were told, in an instruction predicated on it, that the contract and failure to comply with it made it the duty of the appellant to use a higher degree of care and vigilance in running trains at that point, if the failure to build cattle guards according to the contract increased the danger of injury to stock.

The care required to be used by those controlling the train should have been proportioned to the danger on account of the existing condition of the road, cattle guards, and other surroundings affecting the safety of the train, and stock straying upon the track, but could not be heightened by the alleged breach of contract in failing to locate the cattle guards as required by its terms.

It was inadmissible for the additional reason that the appellee was neither a party nor privy to the contract, and could not, therefore, take any benefits under it. Whatever obligation it may have imposed in favor of Eastin upon the company owning the road, or upon the appellant while using the track, it gave the appellee no right as against either, and imposed no duty upon either as to him. The company having admitted the killing of the colt, the law presumed it was done negligently or carelessly, and cast the burden of disproving both upon it. If no evidence had been afforded, the appellee would have been entitled to a verdict, and was, therefore, entitled to introduce his evidence first, and to close the argument. Sec. 347, Sec. 587, Subsec. 3 and 6, Civil Code. *Vance, et ux., v. Vance,* 2 Met. 581; *Tipton v. Triplett,* 1 Met. 570.

Counsel for the appellant insists that the court erred in instructing the jury that in the absence of further proof the law would presume that the killing of the colt was done carelessly and negligently. Sec. 2 of the act of December 7, 1869, Acts 1869-70, p. 1, provides "that the killing or damaging of any horses or other stock by the cars along said railroads or branches, shall be *prima facie* evidence of carelessness of said company."

The effect of this statute is simply to shift the burden of proof

from the plaintiff to the defendant. If the killing is admitted or proved, and there is no evidence as to the facts attending the occurrence, the plaintiff would be entitled to a verdict. When the defendant undertakes to rebut the *prima facie* presumption created by the statute, the jury should be left to decide on all the evidence offered, whether negligence and carelessness have been disproved. The presumption of law is not necessarily rebutted or overcome whenever evidence is introduced as to the circumstances under which the injury was done. The company must, in order to overcome the presumption, offer such evidence as will beget a belief in the minds of the jury that its agents and servants used such care to avoid the injury complained of as men of ordinary prudence and judgment would have used under similar circumstances, when their own interests were involved.

The appellee was permitted to prove his own declaration made before the killing of the colt, as to its pedigree. This was error. While pedigree may be proved as tending with other facts to show the value of stock, it must be proved by such evidence as would be competent to prove any other fact in issue in the cause; and it would have been just as competent to prove by the appellee's previous declarations the value of the colt, or any other fact relative to the case.

The appellant, while using the road, was liable in the same manner and to the same extent as if it had been the owner thereof.

For the errors indicated, and none other, the judgment is *reversed*, and the cause is remanded for a new trial, upon principles not inconsistent with this opinion.

*P. T. Green, H. M. Buford, for appellant.*
*Morton & Barker, Smith & Shelby, for appellee.*