## APPEAL OF PROVIDENT TRUST CO. OF PHILADELPHIA AND CHARLES SINKLER, ADMINISTRATORS, ESTATE OF JAMES K. YOUNG.

Docket No. 4976.   Promulgated January 8, 1927.

1. The common-law doctrine of estates by the entirety obtains in Pennsylvania, and as, under the common law, there was no transfer of such estate to the surviving spouse upon the death of the decedent, the value of such estate may not be included in the gross estate of the decedent.

2. Ground rents being real estate, and title thereto being held by decedent and his wife as tenants by the entirety, the value of such rents may not be included in the gross estate.

*Charles Sinkler, Esq.*, for the petitioners.
*John F. Greaney, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency in estate tax under the Revenue Act of 1921 in the amount of $1,244.43. The question involved is whether the value of ground rents and other real estate held by the decedent and his wife as tenants by the entirety, at the time of decedent's death, may be included in the gross estate of decedent for estate-tax purposes.

### FINDINGS OF FACT.

The petitioners are administrators of the estate of James K. Young, who died on August 28, 1923.

By deeds dated May 8, 1912, July 24, 1901, and September 16, 1903, the decedent and his wife acquired, as tenants by the entirety, premises numbered 220-222-224 South 16th Street, Philadelphia, Pa. On June 19, 1923, they conveyed these premises to George W. Eyre, reserving a yearly ground rent of $6,000, title to which vested in the decedent and his wife as tenants by the entirety.

By deed dated June 23, 1923, the decedent and his wife acquired, as tenants by the entirety, premises numbered 244 South 21st Street, Philadelphia.

No part of the consideration for the above properties was furnished by the wife of the decedent.

The Commissioner included in the gross estate of the decedent the value of the ground rents and the property at 244 South 21st Street.

### OPINION.

ARUNDELL: The only question involved is the right of the Commissioner to include in the gross estate of the decedent the value of property held by the decedent and his wife as tenants by the entirety. We have heretofore held in *Appeals of Susie M. Root*, 5 B. T. A.

696; *George R. Dyer*, 5 B. T. A. 711; and *James C. Murphy*, 5 B. T. A. 952, that, in States where the doctrine of estates by the entirety obtains, in the case of the death of one spouse, there is no transfer of such estate to the survivor, and accordingly the Federal estate tax does not apply thereto.

The parties to the present appeal agree that title to the ground rent reserved by the conveyance of June 19, 1923, as well as the title to property taken by deed of June 23, 1923, vested in the decedent and his wife as tenants by the entirety.

The common-law doctrine of estates by the entirety is recognized in and applicable to property in Pennsylvania. By statute of January 28, 1777, (Pa. St. 1920, sec. 42) the common law and statute laws of England, save for specified exceptions, were revived and placed in effect in the Commonwealth. In *Beihl* v. *Martin*, 236 Pa. 519; 84 Atl. 953, the court, referring to estates by the entirety, says:

This estate is too well established and too well defined to be subject to judicial impairment. Recognizing its very anomolous character, we have been careful, as all our cases show, to give effect to these peculiar incidents which naturally and logically attach, especially to its chief distinguishing incident, which exempts it from the ordinary legal process to which all other estates are subject. Fundamentally the estate rests on the legal unity of husband and wife. It is therefore a unit, not made up of divisible parts subsisting in different natural persons, but is an indivisible whole, vested in two persons actually distinct, yet to legal intendment one and the same. Each is seised of the whole estate from its inception, and upon the death of one, while the right of survivorship remains to the other, that other takes no new title or estate.

Later in the opinion in that case the court quotes from the leading case of *Stuckey* v. *Keefe*, 26 Pa. 397, as follows:

In the last case [that of a conveyance to husband and wife] although there are two natural persons, they are but one person in law, and upon the death of either the survivor takes no new estate. *It is a mere change in the properties of the legal person holding, and not an alteration of the estate holden.* The loss of an adjunct merely reduces the legal personage holding the estate to an individuality identical with the natural person. The whole estate *continues* in the survivor, the same as it would continue in a corporation after the death of one of the corporators. This has been the settled law for centuries. (Italics ours.)

Passing now to the subject of the ground rents involved, we find a disagreement between the parties as to when title to such rents vested in decedent and his wife. The petitioners contend that title to the ground rents reserved vested when the real estate was acquired, which was prior to the enactment of the Revenue Act of 1921. The Commissioner contends that the estate in the ground rents was created when the property was conveyed to Eyre in June, 1923. This contention is disposed of by the decision in *Blount* v. *United States*, 59 Ct. Cl. 328, and *Appeal of Susie M. Root*, 5 B. T. A. 696. In the

former case the estate by the entireties was created prior to the enactment of the Revenue Act under which the tax was asserted, and in the latter case the estate was created subsequent to the enactment of the Act. In both cases it was held that the value of such estate could not properly be included in the gross estate of the deceased tenant.

The nature of a ground rent in Pennsylvania is considered in *Wilson* v. *Iseminger*, 185 U. S. 55, 59, where it is said:

> It is defined to be a rent reserved to himself and his heirs by the grantor of land, out of the land itself. It is not granted like an annuity or rent charge, but is reserved out of a conveyance of the land in fee. It is a separate estate from the ownership of the ground, and is held to be real estate, with the usual characteristics of an estate in fee simple, descendible, devisable, alienable. *Bosler* v. *Kuhn*, 8 W. & S. 183, 185; *Wallace* v. *Harmstad*, 44 Penn. St. 492, 495; *McQuigg* v. *Morton*, 3 Wright, 31.

Other contentions advanced by the Commissioner as to the nature and measure of the Federal estate tax are the same as were made in the *Appeal of Susie M. Root*, *supra*. As our views of these contentions were fully set forth in that case, it is unnecessary to consider them here.

Our conclusions in this case, summarized, are, as titles to the ground rents and to the property taken by conveyance of June 23, 1923, were vested in the decedent and his wife as tenants by the entirety, there was no transfer of such estates to the wife upon the death of the decedent. Consequently, in so far as those estates are concerned, there was nothing to which the Federal estate tax could apply.

*Judgment will be entered on 15 days' notice, under Rule 50.*