GIRARD TRUST CO., REMAINING EXECUTOR OF THE WILL OF BEULAH H. J. WOOLSTON, DECEASED, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11298. Promulgated February 29, 1928.

*J. Snowdon Rhodes, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

SIEFKIN: The facts are simple and are not in dispute. They are that prior to February 3, 1924, certain real estate in Pennsylvania was held by Beulah H. J. Woolston and her husband Joseph L. Woolston, " their heirs and assigns, * * * as tenants by the entireties." Beulah H. J. Woolston died February 3, 1924, and the respondent included in her estate and subjected to estate tax the entire value of such real estate. The contested portion of the deficiency being considered results from such inclusion.

We have heretofore held that under the laws of Missouri there is no transfer, by reason of the death of one spouse, of any interest or estate of that spouse in an estate by the entirety, to the surviving spouse, basing our decision upon a determination that the common law doctrine of estates by the entirety obtains in Missouri, and concluding that inclusion of the value of real property as part of the gross estate of the decedent was without authority of law under the Revenue Act of 1921. *Susie M. Root, Executrix*, 5 B. T. A. 696. We held to the same effect where the property was in New York and the Revenue Act of 1918 was being considered, *George R. Dyer et al., Executor*, 5 B. T. A. 711, and where the property was in Pennsylvania and where the Revenue Act of 1921 was being again considered, *Provident Trust Co. et al., Administrators*, 5 B. T. A. 1004. In this proceeding we also have the property situate in Pennsylvania and are considering the Revenue Act of 1921, and we adhere to the principles adopted there and hold that the common law doctrine of estates by the entirety obtains in Pennsylvania; that such doctrine constitutes not only a rule of law but a rule of property which is binding in considering whether or not there is a transfer by reason of the death of one " tenant," and that in fact there is no such transfer. We, accordingly, hold that the inclusion of the value of such real estate in the gross estate of the decedent was erroneous. See cases above cited and also *James C. Murphy et al., Executors*, 5 B. T. A. 952; *Blount v. United States*, 59 Ct. Cls. 328; *United States v. Munroe*, 10 Fed. (2d) 230, writ of error from the Supreme Court of the United States dismissed, January 3, 1927, 273 U. S. 775.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*

MARQUETTE dissents.