WALLACE C. LYON AND EMMA V. LYON, His WIFE

*vs.*

THE MAYOR AND COMMON COUNCIL OF
HYATTSVILLE, MARYLAND. .

*Municipal corporations: sewers; abutting property; assess-
ments; advertisement for sale, for non-payment;
damages. Mental suffering.*

Damages for mental suffering, consisting in a sense of wrong
or insult, indignity, humiliation or injury to the feelings, will
not, in general, be given for mere inconveniences, annoyance or
suspense of mind, unless it be wanton and produces injuries.

p. 60

Where a municipality advertised property for sale to enforce
payment for the laying of a sewer in the street upon which the
property abutted, the mere fact that the practice usually adopt-
ed in other cases under similar ordinances was not followed
does not show that the assessment was wrongfully made.   p. 61

Where an Act authorizes the assessment of property abutting
upon the street in which a sewer is to be laid, that fact alone
does not confine the municipality to the passage of ordinances
assessing only property fronting on such street.      pp. 61-62

*Decided January 16th, 1918.*

Appeal from the Circuit Court for Prince George's
County. (BEALL, J.)

The facts are stated in the opinion of the Court.

The cause was submitted to Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Clayton E. Ewing,* submitted a brief for the appellants.

*Vincent A. Sheehy,* submitted a brief for the appellee.

Pattison, J., delivered the opinion of the Court.

In this case the demurrer to the appellant's declaration was sustained and a judgment entered for defendant's cost. It is from that judgment this appeal is taken.

The declaration states that the appellants, husband and wife, were the "joint and equal owners" of a lot of land in Hyattsville, Maryland, and that sometime prior to the thirteenth day of September, 1913, they had a "plat and plan" made of this lot by which it was divided into a number of lots. Two of these, by said plat, *abutted* on Maryland avenue, but none of them *fronted* on said avenue. On the above named date an ordinance was passed providing for the construction of a sewer in Maryland avenue, and so far as we can gather from the allegations of the narr., which are very indefinitely stated, the owners of land upon said avenue were by said ordinance assessed for the construction of said sewer.

The provisions of the ordinance are not stated in the declaration nor is the ordinance before us, but in this connection the declaration alleges:

"That under the practice in force in defendants' collection of assessments * * * only the *front* linear portion of said lots was assessed for such improvements, and not the *abutting* sides nor rear of said lots; that the lots adjoining * * * had been assessed only for the *frontage* resting on Carroll avenue, and not the *abutting* side on Maryland avenue, so that the assessment and collection of said assessment made against the plaintiffs was a discrimination and an un-

lawful act and not contemplated by said ordinance, and that the defendants, without legal authority and without right, and through a mistake of fact, assessed all of said lot, * * * and demanded of the plaintiffs and either of them the sum of $269.38, with interest and cost aggregating $275.77, under the pretence that said ordinance * * * provides for said assessment of said lot and premises; that in truth and fact said lot had been subdivided so that only two small lots * * * abutted on said Maryland avenue, no part of which was legally and properly assessable.

"That because of the refusal and failure of the plaintiffs to pay said sum of $269.38 * * * the said assessment having been unlawful and contrary to the true intent and meaning of said ordinance, the defendants * * * published an advertisement offering the home and residence and all of said lot * * * for sale at public auction, in a certain newspaper published and circulated in the vicinity of the town of Hyattsville, and the place of residence of the plaintiffs for many years' standing, and that the publication and circulation of said newspaper and proposed auction sale of the plaintiffs' home and place of residence greatly injured and humiliated and deprived the plaintiffs of the good credit and high esteem in which all persons held and believed the plaintiffs entitled to.

"That by * * * assessing said tract wrongfully * * * and demanding from the plaintiffs the said sum of $269.38, and by the advertisement of the sale of the plaintiffs' home and residence * * * , and circulating said publication among those who had long highly respected the said plaintiffs, these plaintiffs have been injured and damaged in the sum of $5,000." The declaration then states that persons called at the home of the plaintiffs, while said advertisement was being published and circulated, and asked permission to examine the same, saying that they had seen the advertisement and were desirous to purchase said premises at said sale.

"That because of said persons calling to examine and inspect said premises * * * and because of said advertisement * * * and the wrongful, unlawful assessment * * * * , they have suffered and been damaged in the sum of $5,000, because of loss of credit and respect on the part of those who have known them and been associated with them for many years; that the said plaintiffs, and each of them, had maintained a high standard of respect and unsullied honor and good credit among all such persons and so continued up to the time of the publication and circulation of said advertisement. That said advertisement took place long prior to the limit allowed these plaintiffs in their suit pending in this Honorable Court, and before the final termination of said proceedings in which these plaintiffs sought to annul said assessessment as illegal and void.

"Wherefore the plaintiffs and each of them claim damages from the defendant for said wrongful assessment of said home and premises, and the collection of the said assessment and the publication and circulation of said auction sale of said premises hereinbefore set forth, to the great injury and damage of the plaintiffs in the sum of $5,000, besides cost."

The declaration is very inartificially drawn and is obscure in its meaning, but so far as we can gather from the language used it states in substance that the assessment against the plaintiffs was wrongfully made under the ordinance, assigning as their reason therefor that, although the lot of land upon which the assessment was made *abutted* on Maryland avenue, it did not, upon the plat made by them, *front* on said avenue, and therefore was not subject to the provisions of the ordinance, for, "under the practice in force in defendant's collection of assessment of such moneys, only the *front* linear portion of said lots was assessed for such improvements, and not the abutting side nor rear of said lots." That the plaintiffs, when called upon, refused to pay said

assessment, and the property of the plaintiffs, including their home, was advertised for sale at public auction to enforce the payment of the assessment, and that persons seeing the advertisement called at the home of the plaintiffs to examine and inspect the premises, saying that they desired to purchase the property; and that because of said assessment the demand for its payment and the advertisement of the property for sale at public auction, resulting in persons calling upon the plaintiffs at their home and asking to be permitted to examine and inspect the premises with a view of becoming purchaser at such sale, humiliated the plaintiffs and deprived them of their good credit and the high esteem in which they were held by those who knew them, in consequence of which they have been injured and damaged in the sum of $5,000. It will be seen that the validity of the ordinance is not attacked by the declaration, but the complaint of the plaintiffs is that the assessment was wrongfully made under the ordinance for the reason stated above.

The mere assessment and demand for its payment could not have had the effect of humiliating the plaintiffs or of depriving them of the high esteem in which they were held by their neighbors. If humiliated at all, or if deprived of their good credit, the cause therefor must be found in the advertisement, resulting as they allege in persons calling at their home wishing to examine and inspect the premises. There is a great conflict of authority as to when damages may be recovered for mental suffering consisting in a sense of wrong or insult, indignity, humiliation or injury to the feelings (see 8 *R. C. L.* 78 and notes thereto), but it may be generally stated that damages will not be given for mere inconvenience, annoyance or suspense of mind, unless it be wanton and produces injury.

Persons visiting the home of the plaintiffs asking permission to examine the premises may have been an annoyance or an inconvenience to the plaintiffs, but whether such visits, when not produced by the wanton acts or conduct of the

defendant, caused such injury to the feelings to entitle the plaintiffs to recover, if defendant was otherwise liable, is indeed very questionable. In disposing of the appeal, however, we need not decide this question or enter into a general discussion of the law in relation to the rights of parties to recover for injured feelings.

The declaration treats the advertisement as wrongful because of the alleged wrongful assessment, and not because the ordinance does not provide for such method of enforcing the payment of the assessment. If the assessment was valid, then the advertisement, in consequence of which the plaintiffs claim to have suffered an injury to their feelings, is to be treated as valid and no recovery can be had. It is true the declaration alleges that the assessment was wrongful and unlawful, but in doing so the plaintiffs assigned a specific reason therefor which, in substance, is that the defendant in this case has not followed the practice adopted by them in other cases under this or similar ordinances. It is upon such ground that the general allegation is made that the assessment was wrongfully and unlawfully made. The fact that the defendant did not follow the practice hitherto adopted and followed in other cases, under this or similar ordinances, does not show that the assessment made in this case was wrongfully made. As we have said, the provisions of the ordinance of which it is claimed that the defendant wrongfully acted in making said assessment are not in the declaration, nor are they before us, but the statute (Act of 1908, Chapter 79, section 15,) provides that "the Mayor and Common Council shall have authority to extend the water mains and sewers as the interest of the town, from time to time in its opinion, demand, assessing upon the land *abutting* such extensions the cost thereof, which assessment shall be a lien upon such *abutting* property, to be assessed at such time as the Mayor and Common Council may determine, and to be collected from the owners of said *abutting* property."

It will be seen that the Act authorizes the assessment of property *abutting* upon the street in which the sewer is to be laid, and does not confine the defendant to the passage of ordinances assessing only property fronting on such street. It should appear from the facts alleged in the declaration that the assessment was null and void, otherwise there was nothing to prevent the defendant, so far as the *narr.* discloses, from proceeding by advertisement to enforce the collection of the assessment. The allegation that the assessment was unlawful because inconsistent with the previous practice of the defendant in such cases is not a sufficient allegation of its invalidity. And we may further add that the plaintiffs not only failed to make this essential allegation, but in the declaration it is said "that said advertisement took place long prior to the limit allowed these plaintiffs, in their suit pending in this Honorable Court, and before the final termination of said proceedings in which these plaintiffs sought to annul said assessment as illegal and void." In this statement the plaintiffs disclose the fact that proceedings had been filed seeking to set aside and annul said assessment because illegal and void, but failed to state the result of such proceedings, although they had been terminated in the Court below at the time of the filing of this declaration, on July 17, 1916, and the order of that Court sustaining the validity of the assessment, affirmed by this Court in *Lyon v. Mayor & Common Council of Hyattsville,* 125 Maryland, 306, in an opinion written by the present CHIEF JUSTICE. It is clear to us upon the facts alleged in the declaration that the plaintiffs are not entitled to recover. Other objections were urged against the sufficiency of the declaration, but we need not refer to, discuss or pass upon the same. The judgment of the Court below will be affirmed.

*Judgment affirmed, with cost to the appellee.*