## ALAMO TRAILER SALES, INC. ET AL. *v.* HOWARD COUNTY METROPOLITAN COMMISSION

[No. 153, September Term, 1966 (Adv.).]

*Decided August 24, 1966.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, HORNEY, OPPENHEIMER and McWILLIAMS, JJ.

*Preston A. Pairo, Jr.,* with whom was *Leonard S. Jacobson* on the brief, for the appellants.

*Robert E. Wieder* for the appellee.

McWILLIAMS, J., delivered the opinion of the Court.

Convenience rather than mnemonics suggests that we call the appellants "Alamo." The appellee, created by Chap. 991 of the Acts of 1943,[1] will be known as the "Commission."

Alamo owns realty in Howard County abutting U. S. Route 1 on which it operates a trailer park and a trailer sales office. Having completed the construction of water and sewer facilities designed to serve properties along said highway the Commission, on 15 July 1964, notified Alamo that a specified part of its land would be classified and taxed as commercial property.

---

1. Code of Public Local Laws of Howard County, §§ 165-70 (1965).

The notice also informed Alamo that the Commission would schedule a hearing if Alamo would "write this Commission at once stating * * * [its] reasons for objecting."

Appearing before the Commission on 10 September 1964 and 9 August 1965, Alamo contended, on each occasion, that its trailer park should be classified "residential" rather than "commercial." The Commission refused to recede from its original position. In its bill for declaratory relief, filed 22 November 1965, Alamo alleged that the charges, levies, assessments and acts of the Commission were arbitrary, capricious, unlawful, illegal, null, void, unconstitutional and in violation of the Public Local Laws of Howard County. The Commission's demurrer was sustained with leave to amend.

Alamo's amended bill, filed 9 February 1966, amplifies the allegations contained in the original bill. Paragraph 7 of the amended bill reads as follows:

> "7. That the Commission's notice of its determination of the classification of your Orators' property as a commercial enterprise, as set forth in within Exhibits A and B, fails to name a time and place at which your Orators may be heard, in accordance with Section 132 (c) and that your Orators have not been afforded the opportunity to be heard in accordance with the aforesaid Laws."

On 17 March 1966 the trial judge (Mayfield, J.) sustained, without leave to amend, every paragraph of the amended bill except paragraph 7. Four days later the Commission moved for summary judgment "with respect to the allegations set forth in paragraph 7 of the amended bill of complaint." The motion was supported by the required affidavit and a number of exhibits. Since no opposing affidavit was filed, we must conclude that Alamo has admitted, for purposes of the motion, all statements of fact in the Commission's affidavit. Maryland Rule 610 a 3. On 7 April 1966, Alamo moved "for summary judgment in the above entitled case on the ground that there is *no dispute as to any material fact*" (emphasis supplied) and that it is entitled to judgment as a matter of law. This motion was supported by an affidavit which recites the personal knowledge of the affiant and continues:

"* * * that although public hearings were held by the HOWARD COUNTY METROPOLITAN COMMISSION on the assessments and charges which were levied against the Plaintiffs by said Commission, said public hearings were not in accordance with the provisions of the Public Local Laws of Howard County, and that the decision of the Howard County Metropolitan Commission rendered pursuant to said hearings is therefore null and void."

On 25 April 1966 Judge Mayfield granted the Commission's motion and, in the same order, denied the motion filed by Alamo.

Although Alamo appealed only from "the order * * * of April 25, 1966" it contends, in its brief, that the earlier (17 March) order sustaining, without leave to amend, the demurrer to the amended bill of complaint (except paragraph 7) amounts to reversible error. Whether, in the odd circumstances of this case, that question is properly before us is a matter we need not, and do not, decide because, even if it is properly before us, we think Judge Mayfield's analysis of the amended bill of complaint is sound and that his conclusions are correct. He dealt with all facets of Alamo's contention in his able, thorough and comprehensive opinion, from which we quote several pertinent paragraphs:

"From the cases hereinbefore cited it is clear that statutes similar to that now before the Court have been found to be constitutional, and that the assessments of front foot charges by the Commission under the authority conferred upon it by the statute are proper and lawful unless the Commission, in making such assessments, levying such charges and fixing such rates abused its discretion so that the results of its action would be arbitrary or discriminatory. There is no allegation in the Bill that members of a class were discriminated against. The statute creates the classification and delegates to the Commission the discretionary power to fix the assessment and apply the rates based on the necessary and legitimate cost of the im-

provement. The Court infers from the language of the second paragraph of Paragraph 6 of the Bill of Complaint an allegation that the act of the Commission in this instance was arbitrary, capricious, unlawful, illegal and null and void. But see *Lyon vs. Mayor and Common Council of Hyattsville,* 132 Md. 56, where the Court of Appeals said: 'It should appear from the facts alleged that the assessment was null and void.'

"It would seem obvious that the application of a commercial rate to the properties of the Plaintiffs was proper in view of the use to which the properties are put. While it is true that the use made of the properties by the tenants is residential in character, it should be noted that one of the nine classifications of properties set forth in Section 132(b) of the Statute is 'apartment' [another is "trailer parks"]. This is unquestionably a residential use, but it would seem quite evident that as to the owner of such a structure the use could only be called a commercial one."

In the course of stating his reasons for granting the Commission's motion for a summary judgment, Judge Mayfield had this to say:

"As was said in this Court's Memorandum and Order of March 17, 1966, the Plaintiffs are entitled to notice of the levy of a benefit charge and as to the classifications of their properties under the provisions of Section 132(c) of the Public Local Laws of Howard County, and are also, under the provisions of that statute, entitled to be heard. According to the affidavit supporting the Defendant's motion, it would appear that the Plaintiffs were notified of the classifications of their properties, and did attend a hearing on September 10, 1964, and did attend another hearing on August 9, 1965, the result being that the Plaintiffs' protests were denied. The Plaintiffs now contend that, while public hearings were held, and while not denying the attendance of the Plaintiffs thereat, suggest, by the

affidavit supporting their motion for summary judgment, that said public hearings were not in accordance with the provisions of the Public Local Laws of Howard County. They do not contend by their affidavit that they were not duly notified of the classifications of their properties, and the charges determined upon, nor do they contend by their affidavit that they were not given a hearing.

"At the time of the argument on these motions, it was suggested by the solicitor for the Plaintiffs that these confrontations were not really hearings, but merely discussions, and while it is evident that the Plaintiffs were completely dissatisfied with the decision of the Defendant Commission, this Court concludes that the Defendant has, by its actions, complied with the requirements of said Section 132(c) insofar as the same apply to the Plaintiffs. It is understandable that they might desire another hearing in the hope that the Defendant might be convinced of an error in its previous decisions, but certainly the statute does not contemplate hearings ad infinitum until the protestants are satisfied or partially so with the decisions. It should be noted that the Plaintiffs' affidavit alleges that, while public hearings were held, they were not in accordance with the law, but this is not evidentiary, and amounts to a mere general denial of the facts set forth in the Defendant's affidavit, and 'a mere general denial of a plaintiff's claim is not enough * * * to show that there is a genuine dispute as to a material fact.' *Frush vs. Brooks,* 204 Md. 315 at page 320."

We see no reason for disturbing Judge Mayfield's orders.

*Orders affirmed.*

*Costs to be paid by the appellants.*