W. P. PHILLIPS v. H. A. HODGES.

*Estoppel—Married Women—Registration—Deeds.*

1. A wife is not estopped by the declarations and conduct of her husband, in her presence, in respect to her interest in property to which she is entitled jointly with her husband.

2. Under the Act of 1885, ch. 147, a conveyance of land, made prior to the passage of that Act, is not valid against creditors or *bona fide* purchasers, unless registered before the 1st day of January, 1886.

3. An unregistered deed passes only an equitable title, which may be converted into a legal title by registration.

CIVIL ACTION for land, tried before *Boykin, J.,* at November Term, 1890, of HARNETT Superior Court.

The action was commenced 8th of June, 1888, by W. P. Phillips, who afterwards died, and the present plaintiffs were made parties.

It was admitted that prior to April 2d, 1852, one W. B. Surles owned the land, and on that day he conveyed it by deed to N. L. Phillips and Patience W. Phillips, his wife, which deed was registered 11th January, 1886.

On 28th April, 1852, Nathan L. Phillips alone executed a deed back to W. B. Surles, which was registered 10th April, 1854. W. B. Surles continued in possession until the 7th February, 1859, when he sold and conveyed the land for a valuable consideration to James C. Surles, who immediately entered and remained in possession until his death, in 1880. His family continued in possession until, under special proceedings to make real estate assets, the land was sold by Daniel Stewart, his administrator and commissioner, at public sale to H. A. Hodges, the defendant, to whom, after confirmation of sale and payment of the purchase-money, the said Stewart, by order of the Court, executed a deed for the land dated 7th April, 1884, and registered 23rd April, 1884.

At the public sale W. B. Surles was present, and at the request of the administrator Daniel Stewart, got up and publicly stated that the title was perfectly good.  This statement was made in the presence of N. L. Phillips and wife Patience W. Phillips, neither of whom interposed any objection, and N. L. Phillips assisted at the sale by acting as auctioneer.

H. A. Hodges immediately took possession, and has remained in possession ever since.

A year or two after H. A. Hodges had paid for the land, obtained his deed and taken possession, N. L. Phillips showed him the old deed to himself and wife from W. B. Surles, dated 2d April, 1852, then unregistered, and told him that, although he had been paid for the land, he could hold it under that deed, but would surrender the deed to him for $25, to which Hodges remarked that he wouldn't give him twenty-five cents for it.  This was the first notice Hodges had of the deed.

On 12th November, 1887, N. L. Phillips and wife made a deed of gift for the land to their son W. P. Phillips, the original plaintiff, who instituted this suit 8th June, 1888. N. L. Phillips died in 1889, leaving his wife Patience W. Phillips surviving him, who is still living and was present at the trial of this cause, but not examined.

The defendant asked the following special instructions in writing :

" That the deed from W. B. Surles to N. L. Phillips and wife, dated 2d April, 1852, not having been registered until 11th January, 1886, passed no title as against J. C. Surles or the defendant H. A. Hodges, under Acts 1885, ch. 147, § 1."

His Honor having intimated that such was his opinion, and that he would so charge the jury, the plaintiffs excepted to the ruling of the Court, and in deference thereto submitted to a nonsuit and appealed.

*Messrs. N. W. Ray* (by brief) and *F. P. Jones,* for plaintiff.
*Mr. R. P. Buxton,* for defendant.

DAVIS, J.—after stating the case as above, proceeded: The foregoing is the full statement of the case on appeal, from which it will be seen, at a glance, that there is not a shadow of merit or equity in the plaintiff's claim to the land in controversy, and we shall see upon an examination of the law upon which he relies that it is equally without foundation.

It will be conceded, as insisted for the plaintiff, that by the deed of April 2d, 1852, from W. B. Surles to N. L. Phillips and Patience W. Phillips his wife, the husband and wife took the land *per my et per tout,* and the act of 1784 (*The Code,* § 1326) abolishing survivorship in joint tenancies does not apply to conveyances to husband and wife, for the reason assigned by GASTON, Judge, in *Motley* v. *Whitemore,* 2 D. & B., 537, that "being in law but one person they have each the whole estate as one person ; and on the death of either of them the whole estate continues in the survivor." *Long* v. *Barnes,* 87 N. C., 329, and cases cited.

It will be conceded, too, that the subsequent re-conveyance by N. L. Phillips alone to W. B. Surles could not deprive the wife, Patience W. Phillips, of the right of survivorship. *Simonton* v. *Cornelius,* 98 N. C., 433, and cases cited.

It is insisted for the defendant that the conduct of N. L. Phillips and his wife at the sale was a fraud upon the purchaser for value and without notice, and that they are thereby estopped from asserting title to the land.   That is true as to N. L. Phillips, but the wife, by reason of her presence at the sale with her husband, and her silence when he stated publicly in her hearing that the "title was perfectly good," was not by that alone estopped.   While the reason for this may not be entirely satisfactory, it is well settled by authority, though, speaking for myself and yielding to settled judicial precedent, I am unable to see why it was not as much a fraud in the wife, who, it appears, had sufficient interest to attend the sale, to stand by and hear the husband make the statement that estopped him as a fraud upon an innocent

purchaser, as it was in him to make the statement. It is not easy to conceive of any honest purpose in withholding from registration and publicity for more than thirty years the deed to N. L Phillips and wife through whom the plaintiff claims. The statute of presumptions had commenced to run more than a quarter of a century before this action was instituted; and though unlike the statute of limitations, which is a complete bar as to all persons not under disabilities, it is so emphatically a statute of repose that no saving is made in it of the rights of infants *femes covert* or persons *non compos mentis. Headen* v. *Womack,* 88 N. C., 468, and cases cited. But the learned counsel for the defendant was content, as he might well be, to rely upon the act of 1885, ch. 147, which made the deed of no avail against creditors or innocent purchasers for value unless registered prior to January 1st, 1886, whereas it was registered after that time. The unregistered deed did not pass the legal title, but only an equitable title, to be perfected by registration. *Davis* v. *Inscoe,* 84 N. C., 396, and cases cited. Counsel, in his brief, says: "Would it not have been prudent for a purchaser to have enquired as to how N. L. Phillips acquired his title? Such inquiry would have disclosed the fact that he held only a joint estate with his wife," etc., which would bring the case within the proviso of the act of 1885. This contention might, perhaps, be made with some force, but for the fact that the purchaser had no source of information to which he could more reasonably resort than to N. L. Phillips, who, in the presence of his wife, with the deed under which they claimed in his possession, gave the fraudulent assurance that the title was perfect.

The counsel for the plaintiff says the deed, when registered, related back to its execution, and "the Act of 1885 would be unconstitutional if the effect of it would be to divest from P. W. Phillips, in 1885, an estate which vested in her by deed in 1852." The error of counsel is in overlooking

the fact that but for the Act of 1885, and the various successive Acts after two years from April, 1852, extending the time for registration, the deed to Phillips and wife would have conveyed no legal title unless registered within two years from April 2d, 1852.

Registration is required for the protection of innocent purchasers for value and creditors, and to prevent frauds, and the legislature did not think it wise to extend the time for registration after January 1st, 1886, so as to give legal validity to deeds, as against innocent purchasers and creditors, and the case before us illustrates the wisdom of the lawmakers

There is no error, and the judgment is affirmed.

Affirmed.