WEST v. RAILROAD.

(Filed March 27, 1906).

*Parties—Amendments—Practice—Estate by Entireties.*

1. Where an objection for defect of parties was made below and overruled, this court will not exercise its discretionary power of amendment to destroy an exception duly taken below.

2. In an action brought by the husband alone for damages to land which had been conveyed to the husband and wife and which they held by entireties, the wife was not a necessary party.

3. The husband is entitled during coverture to the full control and the usufruct of land held by entireties to the exclusion of the wife.

ACTION by W. A. West against Aberdeen & Rock Fish Railroad Co., heard by *Judge Fred Moore* and a jury, at the November Term, 1905, of the Superior Court of CUMBERLAND. From the judgment rendered, defendant appealed.

*H. L. Cook* and *Sinclair & Dye* for the plaintiff.
*Robinson & Shaw* for the defendant.

CLARK, C. J.   This is an action brought by the husband alone for damages sustained from fire by the woods on land which had been conveyed to the husband and wife, and which they held consequently by entireties.   The plaintiff moved to amend in this court by making his wife a party.   The Revisal, section 1545 and rule 26 of this court, recognize that such power can be exercised in this court "to amend by making proper parties to any case where the court may deem it necessary and proper," and indeed this court could amend without the statute. *Horton v. Green,* 104 N. C., 400; *Herndon v. Ins. Co.,* 111 N. C., 385.   But here the objection for defect of parties was made below and overruled, and this court will

not exercise its discretionary power of amendment to destroy an exception duly taken below. *Grant v. Rogers,* 94 N. C., 755; *Wilson v. Pearson,* 102 N. C., 290.

Upon the point presented we are of the opinion that the wife was not a necessary party. It was so held as to an action of ejectment. *Topping v. Sadler,* 50 N. C., 359. In *Long v. Barnes,* 87 N. C., 333, it is held that the Constitution, Article X, section 6, as to the rights of married women, did not "destroy or change the *properties* and *incidents* belonging to the estates" held by entireties. In *Simonton v. Cornelius,* 98 N. C., 437, it is said: "So, too, the fruits accruing during their joint lives would belong to the husband" after separation from the land; though neither husband nor wife during the joint lives can convey or encumber the estate without the assent of the other, nor can a lien be acquired on it without such assent, nor can it be sold under execution. *Bruce v. Nicholson,* 109 N. C., 204; 11 Am. & Eng. Enc. (2 Ed.), 49. The Act of 1784, Revisal, section 1579, abolishing survivorship in joint tenancies, does not apply to estates by entireties. *Phillips v. Hodges,* 109 N. C., 250.

"But while at common law neither the husband nor the wife can deal with the estate apart from the other, or has any interest which can be subjected by creditors so as to affect the right of the survivor, yet subject to this limitation the husband has the rights in it which are incident to his own property. * * * He is entitled during the coverture to the full control and the usufruct of the land to the exclusion of the wife." 15 Am. & Eng. Enc. (2 Ed.), 849, and cases cited in note 2— among them *Pray v. Stebbins* (Mass.), 55 Am. Rep., 462; *Den v. Gardner* (N. J.), 45 Am. Dec., 388; *Hiles v. Fisher* (N. Y.), 53 Am. St., 762. As to personalty the same rule applies, and where shares of stock stand in the joint names of husband and wife he is entitled to the dividends during their joint lives. 15 Am. & Eng. Enc. (2 Ed.), 851; *Bramberry's Estate* (Pa.), 36 Am. St., 64. These are the inci-

dents and properties of an estate by entirety when (as in this State) there has been no change by statute, and upon the above authorities the plaintiff can maintain this action without joining the wife. She is not entitled to sue for this damage nor to share in the recovery. If any change in the incidents and properties of this anomalous estate is desirable, legislation must be had upon it.

The other exceptions require no discussion. The charge of the court was fair and guarded. *Phillips v. Railroad,* 138 N. C., 12. The prayer of the defendant, so far as it was entitled to it, was substantially given in the charge. It was proper to give the instruction quoted from *Black v. Railroad,* 115 N. C., 669, and the plaintiff was a competent witness as to the amount of damages he had sustained.

We do not pass upon the motion to dismiss for failure to comply with rules 19 and 28, as intimated in *Sigman v. Railroad,* 135 N. C., 181; *Hicks v. Kenan,* 139 N. C., 338. Those rules have been amended and made so plain in the revised Rules, printed at the end of this volume, that we feel sure that appellants will not misconceive the requirements and will henceforward take pleasure in observing them.

No Error.