C. F. FINCH v. P. S. CECIL AND WIFE.

(Filed 17 November, 1915.)

**1. Mechanics' Liens—Married Women—Executory Contracts—Interpretation of Statutes.**

By chapter 106, Laws 1911, known as the Martin Act, a married woman may enter into an executory contract affecting her real and personal property, except with her husband, as if she were unmarried, and where she and her husband held the title to lands by entireties and they contract for materials used in a building thereon, those furnishing the material may acquire a lien on the property by complying with the provisions of the statute, Revisal, sec. 2016; ch. 617, Laws 1901.

**2. Lien for Material—Estate by Entireties—Rev. 2016.**

When material for building is furnished to husband and wife jointly, to be used on realty held by entireties, the lien given by Rev., 2016, attaches.

NOTE. The Court again suggests the repeal of estates by entireties.

APPEAL by defendants from *Lyon, J.,* at February Term, 1915, of DAVIDSON.

*E. E. Raper and Paul R. Raper for plaintiff.*
*L. A. Martin for defendants.*

CLARK, C. J.   This is an action to enforce liens for material furnished in the construction of two houses on lots owned by the defendants, husband and wife, to whom they had been conveyed in the same deed. It was admitted on the trial that the defendants were indebted to the plaintiff $68 for shingles used to cover one of the houses, and the jury found that the defendants also owed a further item of $67.90 for material used in building the houses.

The sole question presented is whether such indebtedness is a valid lien upon the property which was held by the defendants, Cecil and wife, in entirety.   In this case the indebtedness is due by both the defendants who joined in the contract.   If the debt were owing by the husband or by the wife for material furnished to erect a building upon property so held it would be uncertain who would be the survivor, and in such case we have held that an estate by the entirety cannot be encumbered nor a lien acquired upon it without the assent of the other (*West v. R. R.,* 140 N. C., 620; *Bruce v. Nicholson,* 109 N. C., 202), nor would a judgment against either be a lien upon the property.   *Hood v. Mercer,* 150 N. C., 699.   The reason given is that "at common law neither the husband nor the wife can deal with the estate apart from the other or has any interest which can be subjected by creditors so as to affect the rights of the survivor."   15 A. and E. Encyclopedia (2 Ed.), 840, citing *West v. R. R., supra.*

In this case the deed was made to the husband and wife, both being recited as grantees, and of course the property can be conveyed by them in like manner.   It follows that they could, by their joint deed, place a mortgage upon it, and when the material furnished is under a contract made by them both, the statutory lien given by Rev., 2016, attaches.

In *Weir v. Page,* 109 N. C., 220, the Court held that, as the law then stood, where the materials were furnished under a contract with the husband in the construction of a building on the wife's property, the material man could file no valid lien against the house, though the wife knew that the work was being done and the material furnished, but had made no objection.   This was because the material was furnished under a contract not binding upon the wife.   The Court, however, speaking through *Judge Davis,* in order to prevent further frauds of this kind, suggested in its opinion to the consideration of the Legislature whether a married woman's liabilities might not be "made commensurate with her rights, and whether such alterations in the law (in this particular)

would not prevent much injustice and many frauds." The result was the enactment of ch. 617, Laws 1901, which has been added as the last paragraph in Rev., 2016, as follows: "This section shall apply to the property of a married woman when it shall appear that such building was built or repaired on her land with her consent or procurement, and in such cases she shall be deemed to have contracted for such improvements." This statute does not even require an express contract by her, but provides that when she "consents or procures" the building to be erected or material furnished she shall be deemed to have contracted for such improvement, and her property thereupon becomes subject to liens, if filed. In *Finger v. Hunter,* 130 N. C., 529, this statute was held constitutional and was enforced, and that case has been approved in *Ball v. Paquin,* 140 N. C., 96, and other cases.

The above recital is taken from *Payne v. Flack,* 152 N. C., 600. This case is even stronger because here it is admitted that both the husband and wife were liable for this indebtedness, and the Martin Act, Laws 1911, ch. 109, has extended the power of a married woman to contract to all cases (except with her husband under Rev., 2107), as follows: "Every married woman shall be authorized to contract and deal so as to affect her real and personal property in the same manner and with the same effect *as if she were unmarried.*" The contract of the wife for this material being equally valid with that of the husband, the property is liable for the lien given to the material men by the statute. This is so even if it were an implied contract, by the last paragraph in Rev., 2016, and for the stronger reason that the married woman is now liable on her contract as if unmarried, by the Martin act.

This estate by the entirety is an anomalous one in the law. It has been derived from the common-law conception that the legal existence of the wife was merged in that of her husband, and hence a conveyance to them during coverture did not create a tenancy in common, which necessarily requires more than one tenant, but created an estate in entirety, under which the entire property was that of the husband during his life with remainder to the survivor, and no lien thereon could be acquired by the deed of either one, without the assent of the other, nor could it be sold under execution against either (21 Cyc., 1195, 1198), nor could the property be aliened nor any part thereof without the consent of the other. *Ib.,* 1199.

In some of our states the doctrine of entirety has never been recognized, as in Connecticut, Minnesota, Ohio, Iowa. 21 Cyc., 1197. In England any many of our states the modern statutes relating to the property relation of husband and wife have abolished estates in entirety. In some this has been brought about by express enactment—Iowa, Maine, Massachusetts, New Hampshire. In others it has been held that estates

in entirety were abolished inferentially by such statutes, changing the relation of married women as to the control of their property—Mississippi, Nebraska, West Virginia, Michigan, and in England. 21 Cyc., 1202. A similar summary will be found in 15 A. and E. Enc. (2 Ed.), 846-851.

It has been a doubtful question whether the granting of a divorce will destroy a tenancy by entirety and render the tenants tenants in common. The weight of authority seems to be that it will. *Joerger v. Joerger* (Mo.), 5 A. & E. Anno. Cases, 534. This view has been adopted by our Court in *McKinnon v. Caulk,* 167 N. C., 411, holding, however, with citation of numerous authorities, that our Constitution and the later statutes relating to the property rights of married women have not thus far destroyed this estate by entirety.

It is commended to the consideration of the General Assembly whether it shall not abolish this anomalous estate, which gives rise still to so many complications. The reason for it having long since ceased to exist, the estate itself might well be abolished with injury to no one.

No error.