L. H. MARTIN AND WIFE v. R. E. LEWIS, SHERIFF OF ROBESON COUNTY, AND A. L. BULLOCK.

(Filed 26 March, 1924.)

**Estates—Husband and Wife—Entireties—Judgments—Liens—Execution.**

> Estates by entireties as between husband and wife still exist in North Carolina, but where there is a judgment upon a joint contract against husband and wife, a lien thereunder is created against lands held by them in entireties, and execution may be issued against them.

APPEAL by defendants from *Cranmer, J.,* at February Term, 1924, of ROBESON.

This is an injunction to restrain the sheriff of Robeson from selling lands held by the plaintiffs as tenants by the entirety under an execution issued upon a judgment taken against the husband and wife jointly in favor of the defendant A. L. Bullock. The sheriff advertized the excess of the plaintiffs' real estate over and above the two homesteads allotted them as tenants by the entirety. The plaintiffs applied to the court for an injunction. Restraining order was issued by *Martin, J.,* which was made permanent by *Cranmer, J.,* at February Term, and defendants appealed.

*W. E. Lynch and Johnson, Johnson & McLeod for plaintiffs.*
*McLean, Varser, McLean & Stacy for defendants.*

CLARK, C. J. The only question presented is whether a judgment against a man and his wife jointly is a lien upon real estate held by them as tenants by the entirety.

When there is a judgment against only the husband or the wife, with us no lien attaches against the estate by the entirety, though it is otherwise in some States. This case presents for the first time in this Court the question whether, when the judgment is a joint judgment against the man and his wife, the property can be sold thereunder. Wherever this question has been passed upon in any jurisdiction, such judgment has always been held to be valid lien upon the realty held by the judgment debtors as tenants by the entirety. The exact point as to a lien upon lands held by the entirety was presented in *Finch v. Cecil,* 170 N. C., 72, in which case a man and wife had contracted for materials to build a house upon a tract of land held by them as tenants by the entirety, and the Court held that the materialman had a lien upon the house and real estate (the house being a part of the freehold), because the contract for materials was made by the husband and wife jointly. It was held that if the contract for the materials had been made by either the husband or wife, without the joinder of the other, the materialman would not have had a lien upon the realty for the material furnished to build a house thereon.

In that case the Court said: "The indebtedness is due by both the defendants who joined in the contract. If the debt were owing by the husband or the wife for material furnished to erect a building upon property so held, it would be uncertain who would be the survivor, and in such case we have held that an estate by the entireties cannot be encumbered nor a lien acquired upon it without the assent of the other. *West v. R. R.,* 140 N. C., 620; *Bruce v. Nicholson,* 109 N. C., 202. Nor would a judgment against either be a lien upon the property. *Hood v. Mercer,* 150 N. C., 699. The reason given is, that 'at common law neither the husband nor the wife can deal with the estate apart from the other, or has any interest which can be subjected by creditors so as to affect the rights of the survivor.' 15 A. & E. (2 ed.), 840, citing *West v. R. R., supra."*

The direct question presented in this case has been passed upon by several courts of last resort in other States, where the doctrine of tenants by the entirety is still recognized, and, without a single exception, all these courts hold that a judgment against the husband and wife jointly is a judgment by the entireties, and therefore a lien upon real estate held by them as tenants by the entireties.

In *Frey v. McGaw,* 127 Md., 23; L. R. A., 1916 D 113, the Court says: "The case as presented is entirely different from what it would have been if the judgment had been against either Mr. or Mrs. Frey alone. This arises from the peculiar nature of the estate by entireties. It has been repeatedly held in this State that when a judgment is recovered against one of two tenants by entirety, no lien can attach to the interest of the one. *Jordan v. Reynolds,* 105 Md., 288; 9 L. R. A. (N. S.), 1026; 121 Am. St., 578; 12 Anno. Cas., 51, and cases there cited. But it has never been held in this State, or elsewhere, that in the absence of statutory exemption, where there is an entire judgment against joint defendants, no lien is imposed upon estates or interest in lands held by the entireties."

This was again held in *Ades v. Caplan,* 132 Md., 56; L. R. A., 1918 D 276; *Ewing v. Rider,* 125 Md., 149, and also in *Sharpe v. Baker,* 51 Ind. App., 547; *Ditching Co. v. Beck,* 99 Ind., 247, and in *Sanford v. Bertrau,* 204 Mich., 244. In the latter case the Court held that "land held by husband and wife as tenants by entireties is not subject to levy under execution on a judgment rendered against either husband or wife alone, because the right of survivorship is merely an incident of an estate by entirety, and does not constitute a remainder, either vested or contingent; but a judgment rendered against husband and wife jointly may be satisfied out of an estate in land held by them as tenants by entireties"; and said that, while an execution upon a judgment rendered against one of two tenants by entireties cannot be levied on real estate held by them as tenants in common, "after diligent search by counsel and by the writer of this opinion, a case has not been found which holds that an estate in land held by husband and wife as tenants by entireties is not subject to execution upon a judgment against them jointly. On the contrary, the few cases in which this question is presented hold that a judgment rendered against husband and wife jointly may be satisfied out of an estate in land held by them as tenants by entireties," and cites at length from *Sharpe v. Baker,* 51 Ind., App., 547, which is an elaborate discussion with the same conclusion; and *Frey v. McGaw,* 127 Md., 23, and *Bank v. Muncie,* 180 Ind., 470, and thus concludes: "We find no cases to the contrary. Upon principle we can see no reason why the real estate of husband and wife held by them as tenants by the entireties (independent of homestead and statutory exemptions) should not be subjected to the payment of their joint debts. They own the entire property. The parts cannot be greater than the whole. They may dispose of it by their joint action. Each is liable to pay the whole judgment, and both are liable to pay any part of it."

The Michigan Court also says in that case, at p. 254: "If defendants may own and hold this property, free from execution, levy and sale for

their joint debt, they may by the same rule own and hold millions of dollars worth of real estate free from such levy and sale for their joint debt. This rule ought not to obtain as one affecting real estate, unless there is some good reason for it; and we have been unable to discover any such reason. The policy of the law ought to prevent the tying-up of vast amounts of real estate in this manner. We do not believe there is any good reason for the rule contended for by appellants."

In 30 Corpus Juris, 573, the general rule of law on this subject is thus laid down: "A judgment against both husband and wife is a general lien on the interest of both in the property held by them as tenants by the entireties, and the property may be sold under execution issued on the judgment. In such case a tenant by entireties has no separate interest or property in the entirety estate which can be claimed as exempt; the right of an execution defendant to claim property as exempt extends only to property in which he has an individual interest."

In this case the question as to exemption of the homestead estate does not arise, for there was actually laid off two homesteads—one for the wife and one for the husband—and only the excess over and above both homesteads was levied upon and sought to be sold.

It would seem that if any homestead should be allowed, there could only be one, seeing that in no event could the survivor have more than the one homestead. This exemption should be the husband's homestead and held on the same terms, *i. e.,* by entireties, for his life, and if he should not be the longer liver, then for the life of his wife. We make, however, no decision on this point, for it would be merely *obiter dictum,* not being necessary in this instance.

All the cases as above concur, and not one has held to the contrary upon the point here presented, that upon a joint judgment against husband and wife there is a lien upon the estate by entireties. The plaintiffs rely upon an *obiter dictum* in *Bank v. McEwen,* 160 N. C., 416, where the Justice writing the opinion says, quoting from Rorer on Judicial Sales, that a judgment against one tenant by the entireties is not a lien upon the land during their joint lives, but this was *obiter,* for the question there presented had no bearing as to a judgment against two tenants by entirety upon a joint and several indebtedness.

The estate by entireties was not created, either in England or in this State, by any statute, and it has been contended that it was abolished by our statute in 1784, now C. S., 1735, converting all joint estates into tenancy in common, and still more so by the constitutional change (Article X, sec. 6), conferring upon a married woman the same rights in her property "as if she had remained single." By reason of similar statutes, or statutes especially repealing the estate by entireties, that anomalous estate has disappeared in all but a very few States in this

country, and in them, as above said,.there is no case to be found which does not hold that upon a joint judgment against husband and wife the estate by entirety can be sold.

An estate by entireties is a haven for a debtor who would by this device exempt property from liability for any debt, either of himself or his wife, but while under our decisions the estate by entireties, notwithstanding the provisions of law above cited, still confers an absolute exemption and immunity from lien and sale upon a judgment against either husband or wife, there is no reason, as the above decisions hold, why, when there is a joint judgment upon a joint obligation of husband and wife that their interest in real estate conferred by a deed executed to both of them, and which it is admitted can be conveyed by their joint deed, should not be subjected to lien and execution upon a judgment obtained against them jointly.

The judgment below is

Reversed.