WINCHESTER-SIMMONS COMPANY v. L. H. CUTLER et al.

(Filed 14 December, 1927.)

**Estates—Entirety—Husband and Wife—Personal Property—Wills—Interpretation—Intent.**

Under a bequest of personal property to husband and wife by entireties, the beneficiaries acquire the property as tenants in common, the law not applying to doctrine of survivorship except upon a devise of realty, and a clause in connection therewith "to have and to hold" the bequest

to their survivors in fee simple, is but a statement of the incidents of an estate by entireties to husband and wife, the controlling intent of the testator, and does not vary its result.

CONNOR, J., and STACY, C. J., dissenting.

CIVIL ACTION, before *Harris, J.,* at August Term, 1927, of CRAVEN.

The judgment of the court contains all the essential facts and is as follows:

"This cause coming on to be heard before his Honor, W. C. Harris, judge of the Superior Court, riding the Fifth Judicial District, at Greenville, N. C., on 22 August, 1927, and being heard on the appeal from the judgment of L. E. Lancaster, clerk of the Superior Court, and on the notice to show cause, issued by his Honor, Judge Nunn, as to why a receiver should not be appointed, and being heard on the evidence, record and arguments of counsel for plaintiff and of counsel for defendant, the court finds the following facts:

1. That Sarah L. Wadsworth died domiciled in Craven County in October, 1926, leaving a last will and testament, appointing the defendant, L. H. Cutler, Sr., and defendant, E. W. Wadsworth, executors, who qualified on 4 November, 1926, and gave the notice to creditors, required by law, which will expire (one year) from date of qualification.

2. That by arrangement between the defendant, L. H. Cutler, Sr., and the defendant, E. W. Wadsworth, L. H. Cutler, Sr., has been in active charge of the administration of said estate, which seems to be solvent.

3. That item nine of the will of said Sarah E. Wadsworth is as follows:

Item 9. To my husband's friend, L. H. Cutler, who since the death of my beloved husband, and at this time for a period of about eleven years, has not only been a most true and faithful friend to me, but has as my business agent attended to every detail of my estate and all of my affairs saving me every care and responsibility in all the affairs of my life, and this he has done not only in most strictly correct and faithful manner, but without charge or compensation of any kind; and, therefore, not so much in compensation but in recognition of his long valued and faithful service and friendship, I do devise and bequeath unto him, the said L. H. Cutler and wife, Laura D. Cutler, as husband and wife by entireties, all that certain house and lot in the city of New Bern, number sixty-eight (No. 68) Metcalf Street, and ten thousand dollars of my North Carolina four per cent bonds of par value, to have and to hold the same real estate and bonds to them as husband and wife by entireties and to the survivor of them in fee simple.

4. That the defendant, L. H. Cutler, Sr., hypothecated one $1,000 North Carolina four per cent bond to the National Bank of New Bern, and one like bond to the Citizens Bank and Trust Company, of New Bern, for the approximate value of the respective bonds, and said bonds are now so held as collateral for said debts, which are unpaid; that the proceeds of said loans was used by said Cutler for repairs to the said Laura D. Cutler's property upon which said defendant and wife live. Said bonds were taken without the knowledge of the court.

5. That in addition to said bonds said L. H. Cutler, as executor, by direction of the court, hypothecated two $1,000 bonds to the National Bank of New Bern and borrowed thereon about $1,800 to pay the inheritance or succession taxes on the said estate, $980 of said amount borrowed being the inheritance tax on the devise and bequeaths aforesaid to L. H. Cutler and wife, Laura D. Cutler.

6. That said L. H. Cutler contends he has no other property than his interest under said devise, but this court does not find the fact whether he has other property or not.

7. That said L. H. Cutler was at the time of the qualification, and now is, indebted to the estate of said Sarah E. Wadsworth in the sum of $2,000 secured by mortgage on real estate.

8. The defendant, L. H. Cutler, Sr., is 79 years of age and in good health, and the defendant, Laura D. Cutler is 75 years of age and in good health.

The court being of the opinion that under said item of said will the said Laura D. Cutler took, subject to the debts of the estate, $5,000 in North Carolina four per cent bonds absolutely, and said L. H. Cutler took a like $5,000 absolutely, with no remainder over after the death of either of said defendants:

It is thereupon considered by the court, and ordered that the receivership be continued as to $5,000 of the North Carolina four per cent bonds, left by said Sarah E. Wadsworth, deceased, to the said L. H. Cutler; and Laura D. Cutler be, and she is hereby discharged and her interest in the estate is hereby discharged from said receivership; that said receiver have and hold said bonds and any other property of L. H. Cutler, if any, subject to the rights of the creditors and the debts of the estate and hold them for the benefit of the plaintiff, as a creditor, excepting, however, the personal property exemption to be assigned to said L. H. Cutler out of said bond. Said $5,000 to be delivered to the receiver immediately upon the filing of this judgment with the court."

To the foregoing judgment both plaintiff and defendant excepted.

*Ernest M. Green for plaintiff.*
*Whitehurst & Barden and Ward & Ward for defendants.*

BROGDEN, J. The primary question in the case is whether or not an estate by entirety can be created in personal property.

The question is raised by Item 9 of the last will and testament of Sarah E. Wadsworth and involves a legacy of $10,000 of North Carolina four per cent bonds. There is no controversy with respect to the devise of real estate contained in Item 9.

In *Turlington v. Lucas,* 186 N. C., 283, this Court held that an estate by entirety in personal property was not recognized in North Carolina. This decision was handed down subsequent to the execution of the will in controversy. The divergence of judicial opinion upon the question is referred to by *Clarkson, J.,* in *Turlington v. Lucas.* There is also an instructive note upon the question in the North Carolina Law Review of April, 1924, p. 195. It would serve no useful purpose to reopen the debate or to reëxamine the authorities as the question is no longer an open one after the decision in *Turlington v. Lucas.* Many of the decisions upon the point are classified in a note to the case of *George v. Dutton,* 108 Atlantic, 515, and annotated in 8 A. L. R., 1017. The annotater in that case says: "As stated in the next preceding subdivision of this annotation, the decided weight of authority is to the effect that estates by the entirety may exist in personalty as well as in realty." North Carolina is classified under this statement as holding that estates by entirety in personal property are valid. Two cases from this State are cited in support of the proposition, to wit, *West v. R. R.,* 140 N. C., 620, and *Jones v. Smith,* 149 N. C., 318. There are declarations in the cases which would perhaps warrant the inference that our Court has applied the doctrine of entirety to personal property. For instance, in the *West case, supra, Clark, C. J.,* after discussing the incidents of an estate by entirety in land, said: "As to personalty the same rule applies, and where shares of stock stand in the joint names of husband and wife he is entitled to the dividends during their joint lives." However, *Chief Justice Clark* wrote the case of *Kilpatrick v. Kilpatrick,* 176 N. C., 182, using the following language: "The briefs of counsel on both sides admit that there is no decision in this State upon the question whether there is an estate by entireties in personalty. The decisions in other states on the point are conflicting. In England the estate by entireties obtained only in realty and has been abolished even as to that." It is apparent, therefore, that the *Chief Justice* never construed *West v. R. R., supra,* as deciding the question. The other case of *Jones v. Smith* involved the right of the partition of lumber manufactured from trees growing on land held by the entirety. *Justice Walker,* writing for the Court, said: "As the plaintiffs were thus seized of the timber, its severance from the land by cutting it did not convert the estate in the trees, when severed, or in the lumber cut from the logs,

into a tenancy in common, nor is the *feme* plaintiff, by reason of the severance, entitled to maintain this action for partition." It is clear, we think, by reason of the reference in the *Kilpatrick case, supra,* that this Court has not construed either the *West case* or the *Jones case* as deciding the question, and that it was an open question in this State until the decision in *Turlington v. Lucas, supra.*

The defendants contend that the language in Item 9 "to have and to hold the said real estate and bonds to them as husband and wife by entireties and to the survivor of them in fee simple," by reason of the words, "survivor-of them in fee simple," creates a contingent remainder in personal property. Our judgment, however, is that these words simply state the incident of an estate by entirety and that the estate by entirety is the governing thought in said item.

There are other questions as to the hypothecation of some of these bonds, but these involve accounting to be determined at the time of the final settlement of the estate.

Holding, as we do, that there is no estate by entireties in personal property, it necessarily follows that L. H. Cutler and his wife, Laura D. Cutler, took said bonds as tenants in common, and the judgment rendered by the trial court is approved.

Affirmed.

CONNOR, J., dissenting: I do not agree with the Court that the question stated in its opinion is necessarily involved in this appeal. It is now settled by our decisions that an estate by entireties in personal property is not recognized in this State, *Turlington v. Lucas,* 186 N. C., 283, although such estate, with all its incidents as at common law, is recognized, with respect to real property. *Crocker v. Vann,* 192 N. C., 422. It is needless to discuss now whether the distinction is based upon sound principles or is supported by authorities. The distinction is not, in my opinion, determinative of this appeal.

By her will Mrs. Wadsworth bequeathed ten thousand dollars of her North Carolina bonds to L. H. Cutler and his wife, Laura D. Cutler. If no further language had been used by her with respect to the interest which the legatees took under the will, in the bonds, the same would have been held by them, not as owners by entireties, with the incident of survivorship, but as owners or tenants in common. She expressly provides, however, that Mr. and Mrs. Cutler shall have and hold the bonds, not only as husband and wife, but also by entireties, and to the survivor in fee simple, or absolutely. Her intention with respect to the estate or interest in the bonds which they should take under her will, is manifest. Such intention ought not, in my opinion, to be defeated by a construction of her language, used in her will, which results in hold-

ing as a matter of law that Mr. and Mrs. Cutler take the bonds as tenants in common, and deprives them of their joint estate or interest in the bonds, during their lives, and further deprives the survivor of his or her absolute estate in the bonds. The estate or interest which Mr. and Mrs. Cutler take in the bonds, is determined not by the law, but by the language of the testator, which shows her intention as to such estate or interest.

I am authorized to say that STACY, C. J., concurs in this dissent.