JONAH HENDERSON and His Wife, ETHEL HENDERSON, v. CARL R. STUART, Trustee, et al.

(Filed 25 February, 1942.)

**Husband and Wife § 12d—**

The husband has the right, with the consent of the owner and holder of notes secured by deed of trust on the property, to use the proceeds of a fire insurance policy to pay a separate obligation of his, notwithstanding that the property was held by him and his wife by entireties and the policy had a mortgage clause in favor of the trustee.

Appeal by plaintiffs from *Gwyn, J.,* at September Term, 1941, of Madison.

Civil action for damages, alleging the foreclosure of. a deed of trust after the indebtedness secured thereby had been paid. Plaintiffs contend that the proceeds from a certain fire insurance policy, to which policy a mortgage clause in favor of trustee was attached, were sufficient to pay said indebtedness, and that the owner and holder of the secured notes wrongfully permitted the coplaintiff, Jonah Henderson, to divert a portion of said funds to the payment of a personal debt to the Citizens Bank of Marshall, which bank was also by assignment the owner and holder of the secured notes. The land sold under the deed of trust had been conveyed to plaintiffs as tenants by the entirety.

The jury, upon a proper issue, found that the indebtedness secured by the deed of trust had not been paid at the time of foreclosure.

From judgment on verdict plaintiffs appeal to the Supreme Court and assign error.

*James E. Rector for plaintiffs.*
*J. C. Ramsey, Roberts & Baley and John H. McElroy for defendants.*

PER CURIAM. A careful perusal of the record and exceptions filed in this case do not show any reversible error. The obligation of the plaintiffs was joint and several and the coplaintiff, Jonah Henderson, had the right, with the consent and approval of the owner and holder of the secured notes, to divert a portion of the proceeds received from the fire insurance company to the payment of other indebtedness. *Turlington v. Lucas,* 186 N. C., 283, 119 S. E., 366; *Winchester-Simmons Co. v. Cutler,* 194 N. C., 698, 140 S. E., 622.

In the judgment of the court below we find
No error.